# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NYUTU K. WOODS,

    Petitioner,

vs.

WARDEN NEVENS, *et al.*,

    Respondents.

2:07-cv-01389-LRH-RJJ

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Proceedings under Section 2254. Following upon said review, the Court *sua sponte* raises the question of whether the petition, as amended, is time-barred because the original petition was not filed within the one-year limitation period established in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause in writing why the matter should not be dismissed as time-barred.

### *Background*

Petitioner Nyutu Woods was convicted in Nevada state court, pursuant to an *Alford* plea,[1] of sexual assault of a minor under the age of sixteen years and lewdness with a child under the age of fourteen years. He was sentenced to 60 to 240 months on the first charge and a consecutive term of 36

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)(holding that a defendant can enter a valid guilty plea while still maintaining his innocence where there is a factual basis for the plea and the plea is voluntary, knowing, and intelligent).

to 240 months on the second charge, along with a special sentence of lifetime supervision.

The judgment of conviction was entered on September 4, 2002. The Supreme Court of Nevada affirmed in an order entered on January 28, 2003. See #8 (attachments).

Petitioner did not file a petition for a writ of *certiorari* with the United States Supreme Court seeking review of the Nevada Supreme Court's January 28, 2003, order of affirmance. The time for seeking *certiorari* expired on or about April 28, 2003.

After 216 days had elapsed, on December 11, 2003, petitioner filed, with the assistance of counsel, a state post-conviction petition. Petitioner withdrew the petition, however, at an evidentiary hearing held on April 29, 2004. See #8 (attachments).[2]

Nearly two years later, on or about April 17, 2006, Woods filed a *pro se* state post-conviction petition. The petition was denied as untimely. The Nevada Supreme Court affirmed on October 23, 2006, and the remittitur issued on November 17, 2006. See ## 3 & 8 (attachments).[3]

On or about August 15, 2007, petitioner mailed for filing in the state district court a *pro se* motion to correct illegal sentence, motion to overturn conviction, and motion to establish procedural default. The state district court denied the motions on November 7, 2007. See #3 (attachments).

Meanwhile, on or about October 8, 2007, petitioner mailed the original petition in this federal habeas action for filing.

***Discussion***

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition, as amended, is time-barred for failure to file the petition within the one-year limitation period established in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled,

---

[2] The prison mailbox rule is applied to determine the constructive date of filing of *pro se* state post-conviction petitions for purposes of tolling the federal limitation period. However, a counseled petition does not benefit from such a rule.

[3] The state court record attachments on file further reflect that petitioner filed a purported appeal in the Supreme Court of Nevada from the October 23, 2006, order of affirmance issued by that court. The appeal was dismissed, as no appeal lay to the court from an order of affirmance issued by the court. See #3 (attachments). This frivolous appeal has no significant bearing on the limitation analysis herein, as, *inter alia*, the federal limitation period had expired, absent equitable tolling, well before any such appeal was filed.

begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal one-year limitation period therefore began running in this case after the ninety day time period expired for filing a petition for *certiorari* in the United States Supreme Court following the Nevada Supreme Court's order affirming the conviction, *i.e.,* on or about April 28, 2003.

Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief. Petitioner's first state post-conviction petition was filed on December 11, 2003, after 216 days of the federal limitation period had elapsed. The federal limitation period began running again on April 29, 2004, when petitioner voluntarily withdrew his first state post-conviction petition. Accordingly, unless otherwise tolled, the federal limitation period expired after the 149 days that remained in the limitation period ran. The federal limitation period, unless otherwise tolled, therefore expired on Monday, September 27, 2004.

If the federal limitation period expired on September 27, 2004, then any state proceedings filed thereafter would have no bearing on the limitation analysis. Moreover, an untimely state post-conviction petition is not "properly filed;" and it thus does not statutorily toll the federal limitation period. *Pace v. DiGuglielmo,* ___ U.S. ___, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Petitioner's second state post-conviction petition, which was denied as untimely, therefore would not statutorily toll the federal limitation period under Section 2244(d)(2) even if the federal limitation period still were running at that time.

The original petition in this matter was not mailed for filing until on or about October 8, 2007, over three years after the federal limitation period expired, absent tolling.

Thus, on the face of the record, the petition is subject to dismissal as time-barred under Section 2244(d)(1).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled if extraordinary circumstances beyond the petitioner's control made it impossible to file a federal petition on time. *E.g., Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). However, to establish equitable tolling, a petitioner must show that objective external forces rather than his own lack of diligence caused the failure to file timely. *See id.* Petitioner further is informed that, under certain

1  circumstances, the one-year limitation period may begin running on a later date. *See* 28 U.S.C. §
2  2244(d)(1)(B), (C) & (D).
3       Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual
4  innocence, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*,
5  tending to establish that, in light of the new evidence, no juror acting reasonably would have voted to
6  find him guilty beyond a reasonable doubt. *See House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 2077-78,
7  165 L.Ed.2d 1 (2006); *Majoy v. Roe*, 296 F.3d 770, 776 & 778 (9th Cir. 2002).
8       IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner
9  shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred.
10 If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-
11 barred. If petitioner responds to this order but fails to come forward with specific facts demonstrating
12 that the petition should not be time-barred, the petition will be dismissed with prejudice. All assertions
13 of fact must be supported by competent evidence. Any assertions of fact not made on personal
14 knowledge pursuant to a declaration under penalty of perjury will not be considered.[4]
15     DATED this 19th day of February, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[4] The Court defers consideration of any additional screening issues pending resolution of the present show cause inquiry, and this order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

-4-