# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NYUTU K. WOODS,

    Petitioner,

vs.

WARDEN NEVENS, *et al.*,

    Respondents.

2:07-cv-01389-LRH-RJJ

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a motion (#16) for enlargement of time by the respondents and following upon a letter (#17) from petitioner.

    The respondents' motion for an extension of time to respond to the petition will be granted.

    In the letter, petitioner states that the respondents had until July 14, 2008, to respond to the petition and that "[i]t is now Tuesday, July 15, 2008, and I have not received an opposing motion as yet." Petitioner inquires as to whether or not he therefore will be released from prison due to a procedural default of the respondents.

    At the outset, a judgment by default is not available to a petitioner in a habeas case. *See, e.g., Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). Petitioner will not be released from prison because of any alleged failure of the respondents to respond timely. Petitioner has been convicted by a judgment of a state court that is presumed valid unless and until the petitioner establishes otherwise. Petitioner will be released from prison only if, *inter alia*, he carries his burden of establishing that he was convicted in violation of clearly established federal law.

1     Moreover, the July 14, 2008, deadline was for the respondents to file and serve a response, not for petitioner to have received a response. It typically takes a number of days after the filing and service date for a paper to be received by mail.

    Further, petitioner shall not communicate with the Court by letter. Local Rule LR 7-6(b) allows a party to write a letter to the Court to inquire as to the status of a matter at the expiration of sixty days after the matter has been, or should have been, submitted for decision. Petitioner otherwise shall not communicate with the Court by letter. If petitioner seeks relief from the Court, he must file a formal motion with a prayer for the specific relief requested. Letters to the Clerk or to the Court, other than as permitted by Local Rule LR 7-6(b), will be disregarded with no action taken and no response made. Petitioner in particular shall not send status request letters on the day after a filing or other event date has passed.

    IT THEREFORE IS ORDERED that the respondents' motion (#16) for enlargement of time is GRANTED and that the time for the respondents to file a motion to dismiss directed to the timeliness of the petition is extended up to and including September 15, 2008. Petitioner shall have sixty (60) days from service of the response to mail an opposition for filing. The deadlines set forth in this order shall override any shorter deadline in any form order that may be issued hereafter through the Clerk under the *Klingele* decision.

    DATED this 21st day of July, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE